FILED

JUN 17 2019

*Matthew Thele*
CLERK

FILED

JUN 1 [X] 2019

*Matthew Thele*
CLERK

# BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA WESTERN DIVISION

HOLLI  LUNDAHL                    :

      Plaintiffs                    :

        V.                    :

JULIE GROSS in her personal capacity;
LANCE LOCKWOOD in his personal      :
capacity;  CRAIG STEINLEY in his
personal capacity;   CBE GROUP, Inc.   :
SYNCHRONY BANK,  and  AT&T

      Defendants                    :

_____ :

**CIVIL NO. 18-CV-1590-LLP**

**PLAINTIFF'S OPPOSITION
TO THE FEDERAL DEFENDANTS
MOTION TO STRIKE PLAINTIFF'S
FIRST AMENDED COMPLAINT
[DOC. 47] AND THE FEDERAL
DEFENDANTS  MEMORANDUM
[DOC. 48]  IN SUPPORT OF THEIR
MOTION  TO STRIKE**

     Plaintiff hereby OPPOSES the Federal Defendants motion to strike Plaintiff's Corrected First Amended Complaint  [Doc. 42] :

    (1)    as filed pursuant to an effective extension motion contained in Document no. 41 (see this extension request at page 4 of 36 in Doc. no. 41 as exhibit "1" attached hereto),

    (2)    because other federal courts have granted extensions to file a FAC for good cause as shown in exhibit "2" attached,

    (3)    because no prejudice occurred to the federal defendants when Plaintiff's corrected FAC [DOC. 42]  reached the court within the three day mailing rule provided under FRCP rule 6(d)  including weekends and holidays, to make the filing timely for purposes of Rule 15(a) as a matter of right,

    (4)    because Plaintiff's did not need to reach an agreement with the federal defendants' to file a First Amended complaint,

    (5)    because Plaintiff's  entire complaint has been refashioned into a sole money damages action in light of the court's continued refusal to grant an expedited

injunction forcing the federal Defendants to close the escrow and the sale in Plaintiff's name and which judicial relief has now been MOOTED,

(6)    because the United States was never named in this action either in the original or this Amended Complaint and therefore is not a party thereto,  and,

(7)    finally because Plaintiff's complaint is meritorious and justifies judgment on the pleadings as applied to the federal defendants. . .and which Plaintiff will pursue under separate cover.

## FACTUAL BACKGROUND

The Plaintiff filed her initial complaint on December 27, 2018, naming as defendants: Julie Gross (Gross), South Dakota State Director of the United States Department of Agriculture's (USDA) Office of Rural Development (RD), in  both her official and personal capacities; Lance Lockwood (Lockwood), Loan  Specialist for USDA RD Rural Housing Service (RHS), both in his official and  personal capacities; the USDA RD State Office; and Craig Steinley, whom the United States does not represent. Doc. 1. The Plaintiff alleged that Gross and  Lockwood failed to properly process her housing loan application within the  PROMISED time frame, failed to follow the repayment guidelines to assess Plaintiff's repayment ability, retaliated against Plaintiff when Plaintiff complained about equally applying the laws to Plaintiff and then joined forces with certain private parties to block Plaintiff's ability to apply for a section 502 loan in the future by fabricating debts against Plaintiff so as to deny Plaintiff future access when Plaintiff sued private parties for FCRA violations.

At the same time of filing her complaint,  Plaintiff  filed several motions for emergency and permanent  injunctions (Doc. 4, 9, 10, 17) seeking to close her pending escrow so as not to lose her remainder grants with PenFed and the Federal Home Loan Bank in Des Moines Iowa.  Plainitff moved for shortened time to hear her injunctions petitions as time was of the essence.

This court could have granted Plaintiff's motions for emergency injunction on shortened time   but chose not to.  Consequently Plaintiff was relegated to filing a Petition for Writ of Mandamus with the Eighth Circuit Court of Appeals to enter the

requested emergency injunctions. This Mandamus petition was summarily denied on March 29, 2019. Doc. 36, 37. The federal defendants still had another two weeks to close the pending escrow to avoid the loss of Plaintif's remainder special purpose credit grants in the amount of $17,500 but chose not too. . .because as with others before them, the defendants objective was to run Plaintiff out of the state of South Dakota, abusing the processes of the courts to do so.

Twenty-one days after service by the United States of its motion to dismiss, on May 3, 2019, the Plaintiff filed a Verified First Amended Complaint, Doc. 41. Plaintiff within 6 hours after filing Doc. 41 mailed in a corrected First Amended Complaint to the court. The mailing reached the court within the 3 day time period provided under Rule 6, but the clerk did not file Plaintiff's Corrected First Amended Complaint until May 7, 2019. Doc. 42. Plaintiff denies that she needed permission of the United States to file Doc. 42 both because the document was submitted for timely filing under the mail rule and because the United States is not a party to this action. and therefore has no say in any of Plaintiff's litigation activities.

The amended complaint named Gross and Lockwood only in their personal capacities and not in their official capacities, deleted the USDA RD State Office as a defendant, and added three additional non-federal defendants, CBE Group, Inc., Synchrony Bank, and AT&T, along with retaining non-federal Defendant Steinley. Doc. 42. The First Amended Complaint seeks monetary relief only and attaches admissabile public documents that permit for the filing of a judgment on the pleadings by Plaintiff, which Plaintiff will pursue under separate cover.

1. Plaintiffs Corrected FAC Is Timely

The federal defendants first admit that Plaintiffs FAC was filed on May 7, 2019 in their Introduction and then in their argument at pg. 6 of their Memorandum, they falsely state that Plaintiff's FAC was filed on May 10, 2019. It was filed on May 7, 2019.

As Attachment 1 shows, Plaintiff noticed the court that she was engaged in

an emergency situation and would be filing a corrected FAC. The Corrected FAC was mailed later that night and tendered to the court on May 6, 2019. The Doe Clerk did not record Plaintiff's FAC until the morning of May 7, 2019. Given Plaintiff is not permitted to electronically file, she is entitled to use the mail rule under Rule 6(d) and add three days to her compliance date. Tender was thus timely made. Plaintiff has no control over the timeliness of the clerks recording her documents. Also exhibit "1" works synonymous to a motion to extend time. As shown in exhibit "2" attached, federal courts will generally grant leniency to the filing of documents when circumstances beyond the filer's control prevent timely filing. Furthermore, the federal defendants have failed to identify how the clerk's filing of Plaintiff's Doc. 42, the next day on May 7, 2019, prejudiced the federal defendants in any manner. Accordingly their motion to strike on timeliness grounds should be denied.

## 2. Plaintiff's FAC Is Not Futile

The "court should freely give leave [to amend pleadings] when justice so requires." Id. "The purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

The federal defendants claim striking or denying the filing of Plaintiff's FAC is proper because the FAC is futile and "Futility is a valid basis for denying leave to amend" citing United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009). Unfortunately, the federal defendants have failed to identify even one legal basis for showing how Plaintiff's complaint is allegedly futile or frivolous, nor can they.

### A. Plaintiff Has Named GROSS and LOCKWOOD In their Personal Capacities Only – Under a BIVENS Cause of Action

GROSS and LOCKWOOD state that they cannot by sued by Plaintiff because their only interaction with Plaintiff was performing their official duties as USDA employees. However, it is not the duty performed which guides whether LOCKWOOD and GROSS may be sued. The inquiries are whether these defendants violated

statutes and regulations in which there was no operational discretion as the FAC [DOC. 42] details at length, and if they did not, then they are not entitled to qualified immunity. As a rule, "government official performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Jackson v. Long, 102 F.3d 722, 728 (4th Cir. 1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because qualified immunity is "immunity from suit rather than a mere defense to liability," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), a court should determine whether a defendant is entitled to qualified immunity at the earliest possible stage. Harris v. Hayter, 970 F. Supp. 500, 503 (W.D. Va. 1997) (citing Jackson, 102 F.3d at 727). In In re Allen, 106 F.3d 582, 594 (4th Cir. 1997). the Allen court held that "an official may claim qualified immunity only as long as his actions **are not clearly established to be beyond the boundaries of his discretionary authority."** 19 Id. at 593. "The relevant inquiry under qualified immunity is whether the official acted in violation of the mandates of the statute or regulation, and if the matter is disputed, then a jury trial is permitted." Id supra. The FAC details at length how GROSS and LOCKWOOD engaged in deliberate and malicious violations of various statutes and regulations. . . even to the point o fabricating evidence.

B.   Plaintiff Has Named GROSS and LOCKWOOD In their Personal Capacities Only –  Under Her ECOA Claim

In addition, GROSS and LOCKWOOD fail to oppose in any manner that they are liable to Plaintiff for ECOA violations in interfering with Plaintiff's rights to access low income special credit grant programs and for discriminating against Plaintiff in the manner they applied Plaintiff's public assistance income and grants . . . as opposed to others equally situated. As shown in exhibit "3" attached, the 8th circuit in Johnson v. USDA Secretary Vilsack et al., case no. 15-1796 (8th Cir. 2016) held that USDA officials participating in credit decisions were liable for violations under the ECOA AND BIVENS and that the APA had no application to credit denial cases where other legal remedies were available to the plaintiff.

Moreover, GROSS and LOCKWOOD appear to argue that because Plaintiff's original complaint alleged the ECOA, BIVENS, and Equal protection violations as presented

in the present complaint, that these claims are somehow frivolous. However, Plaintiff is wholly unaware of this court reaching the merits of any of Plaintiffs previously pleaded claims and which would otherwise limit Plaintiff from pursuing these claims in her FAC [Doc. 42].

        C.     Plaintiff Has Named GROSS and LOCKWOOD In their
                  Personal Capacities Only Under Her Retaliatory and Hostile
                  Housing Environment Claims under the FHA

        GROSS and LOCKWOOD fail to oppose in any manner that they are liable to Plaintiff for retaliation under the ECOA and the FHA and for creating a hostile housing and lending enviroment. These are actionable causes of action against government officials.

        D.     Plaintiff Has Named GROSS and LOCKWOOD In their
                  Personal Capacities Only Under A Conspiracy Claim To
                  Violate Her Fair Credit Reporting Rights

        GROSS and LOCKWOOD fail to oppose in any manner that they are liable to Plaintiff for conspiring to fabricate false debts against Plaintiff, for accessing Plaintiffs' credit multiple times without Plaintiff's permission thereby decreasing Plaintiff's credit score and for encouraging others to fabricate debts against Plaintiff for purposes of injuring Plaintiff's lending rights.

        3.     The USA Is Not A Party To This Action And Plaintiff Has Another 1 ½
                Years In Which To Effect the Administrative Process Under the FTCA

        The federal Deendants seek to become the master of Plaintiff's FAC by re-writing it to their liking. This action does not seek an FTCA claim against the USA and Plaiintiff has another 1 ½ years to invoke that cause of action if she so chooses. As exhibtt "3" attached shows, the 8th circuit has already decisioned that USDA officials may be sued under BIVENS when performing lending functions in a constitutionally prohibitive manner. Plaintiff seeks money damages from GROSS and LOCKWOOD for violating the expressed mandates in calculating Plaintiff's repayment income, for issuing a loan commitment letter at the midnight hour that dropped Plaintiffs funding amount by nearly $18,000 for no justifiable reason, for failing to complete the special credit programs in Plaintiff's favor in a manner which did not discriminate against Plaintiff and for the hosts of other violations detailed in the FAC.

CONCLUSION

For all of the foregoing reasons, Plaintiff requests that this court deny the federal defendants motion to strike and dismiss.

Date June 16, 2019

Holli Lundahl