UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HOLLI LUNDAHL,<br><br>        Plaintiff,<br><br>vs.<br><br>JULIE GROSS, IN HER OFFICIAL AND PERSONAL CAPACITIES AS DIRECTOR FOR THE STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT; STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT, CRAIG STEINLEY, LANCE LOCKWOOD, IN HIS OFFICIAL AND PERSONAL CAPACITIES AS A LOAN SPECIALIST FOR THE STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT;<br><br>        Defendants. | 5:18-CV-05090-LLP<br><br>ORDER DISMISSING MOTIONS FOR PRELIMINARY INJUNCTION |

      Plaintiff, Holli Lundahl is a pro se litigant and has alleged claims under the Equal Credit Opportunity Act, the Federal Housing Act, Section 504 of the Rehabilitation Act, the "[E]qual [P]rotection [A]ct under the class theory pursuant to *Village of Willowbrook v. Olech*," and Ex Parte Young. Docket 1 at 1. Lundahl filed three separate "emergency" motions for "permanent injunction." Dockets 4, 9, and 17. These motions (Dockets 4, 9, and 17) are denied for the reasons stated below.

**Legal Background**

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "The burden on the movant 'is a heavy one, where, as here, granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits.' " *College Craft Cos. v. Perry*, 1995 U.S. Dist. LEXIS 19732, at *25 (D. Minn. 1995) (quoting *Sanborn Mfg. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993)).

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.' " *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)).

Moreover, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996). Because Lundahl has filed pro se, the claims will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*,

780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

## Analysis

After reviewing Lundahl's motions for permanent injunction in Dockets 4 and 9 it is noted that these motions are virtually the same. The only differences in these 81 (Docket 9) and 82 (Docket 4) page motions are the titles, a different introduction paragraph in Docket 9, and an additional sentence in Docket 4. Furthermore, this Court notes that Dockets 4 and 9 mirror the "General Allegations and Argument" sections (a total of fourteen pages) of Lundahl's initial complaint. *Compare* Dockets 4 and 9 to Docket 1.

Lundahl alleges in Dockets 4 and 9 that "SELLERS have now threatened to back out of this deal irrespective that Plaintiff has expended more than $10,000 in improvements on the seller's property through third persons based on the fraudulent lulling and fid[u]ciary fraud of the Defendants." Dockets 4 at 13 and 9 at 14. Lundahl has not specifically addressed any of the factors set out by *Dataphase*. This Court cannot properly consider a preliminary/permanent injunction with the facts asserted in Dockets 4 and 9 because they simply mirror the initial complaint and do not articulate the *Dataphase* factors. Therefore, Lundahl's motions (Dockets 4 and 9) are denied.

This Court must now address Lundahl's third motion for permanent injunction. Docket 17. In Docket 17, Lundahl moves for a permanent injunction because:

> [d]efendants Julie Gross and the State of South Dakota Office of Rural Development have wholly failed to file any answer or otherwise respond in any manner to either Plaintiff's Complaint or Plaintiff's Motion for an Emergency Permanent Injunction. . . . THEREBY CONCEDING TO SAME AS A MATTER OF FACT AND LAW.

Docket 17 at 2. Lundahl alleges that "[a]n example of the urgency is shown by the Homestart Plus grant which program permanently expired on December 31, 2018 unless a reservation

3

number was issued prior to that date and the reservation is utilized before February 12, 2019. See gmail attached hereto as exhibit 1." Docket 17 at 2. The attachment that Lundahl refers to does not show that the Homestart Plus program is permanently expired—none of the attachments entered with this motion show this.

Arguably, the possibility of losing a loan may constitute irreparable harm however Lundahl fails to allege facts that show that this harm is certain (no facts showing that Lundahl will receive the loan as a number of party's are involved). Moreover, Lundahl fails to assert and support the *Dataphase* factors. Lundahl fails to: (1) balance the harm that not granting the preliminary injunction would cause to her and the injury of granting this would cause the defendants; (2) show the likelihood that Lundahl will succeed on the merits; and (3) the public's interest in granting a preliminary injunction. Although this Court will liberally construe Lundahl's filings, there must be present arguments to liberally construe.

This Court will not be issuing sanctions at this time, however, the Court would like to put Lundahl on notice that a mirror image of the initial complaint in further pleadings may be seen as an improper purpose and an unnecessary delay which could subject Lundahl to sanctions. Under Federal Rule of Civil Procedure 11 "[o]n its own, the court; may order [a] . . . party to show cause why conduct specifically described . . . has not violated Rule 11(b). FED R. CIV. P. 11(C)(3). Rule 11 provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) is it not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

4

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(B)(1-4).

As this Court has noted, subjective bad faith is not required to determine whether Rule 11 has been violated by an attorney or pro se litigant. *Beaner v. United States*, 361 F. Supp. 2d 1063, 1068 (D.S.D. 2005); *see N.A.A.C.P. Special Contribution Fund v. Atkins,* 908 F.2d 336, 339 (8th Cir. 1990) ("In determining whether a violation of Rule 11 has occurred, the district court must apply an 'objective reasonableness' standard."); *Carman v. Treat,* 7 F.3d 1379, 1382 (8th Cir. 1993) ("subjective belief and pro se status . . . do not insulate [the plaintiff] from the reach of Rule 11."). "As some courts have stated, one can no longer avoid 'the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.' " *Beaner*, 361 F. Supp. 2d at 1068-69; *Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting *Zuniga v. United Can Co.,* 812 F.2d 443, 452 (9th Cir. 1987)).

A motion for a preliminary injunction should not be an excuse to copy and paste a party's complaint. It should present an articulable argument to support a preliminary injunction should be granted and should, at the very least, present facts that support what the movant is seeking.

IT IS ORDERED:

1. That Lundahl's motions for preliminary injunction (Dockets 4, 9, and 17) are denied.

DATED August 14, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

5