UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HOLLI LUNDAHL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JULIE GROSS, in her personal capacity, LANCE LOCKWOOD, in his personal capacity, CRAIG STEINLEY, in his personal capacity, CBE GROUP, INC., SYNCHRONY BANK, and AT&T,<br><br>　　　　　Defendants. | 5:18-cv-05090-LLP<br><br><br>**REPLY MEMORANDUM IN SUPPORT OF CRAIG STEINLEY'S MOTION TO DISMISS** |

COMES NOW the Defendant, Craig Steinley, by and through his undersigned counsel, and respectfully submits this Reply Memorandum in Support of Craig Steinley's Motion to Dismiss.

The Plaintiff, Holli Lundahl's ("Lundahl") Response to Defendant Steinley's Motion to Dismiss (Doc. 98) only further shows Lundahl's complete lack of regard for the Court system, the Federal Rules of Civil Procedure, and the time, expense, and energy she costs those individuals that she sues without any legal support or merit.

Despite the fact that Lundahl named Defendant Steinley in her initial Complaint (Doc. 1), and had this Court issue a Summons for Defendant Steinley on February 6, 2019 (Doc. 21), Lundahl claims that her filing of an Amended Complaint (Doc. 42) somehow allows her a do-over and moots the requirement that she serve Defendant Steinley with 120 days of the filing of her Complaint under Fed.R.Civ.P. 4(m).  The Amended Complaint (Doc. 42) was

1

filed without leave of the Court under Fed.R.Civ.P. 15, nor has Lundahl ever requested the same. Lundahl then relies on the filing of her Second Amended Complaint (Doc. 99-1), for which Lundahl has sought leave from the Court (Doc. 99), but which issue has not yet been fully briefed (and which Defendant Steinley will oppose on the basis that the amendment is futile and the Second Amended Complaint continues to lack any cognizable claim against Defendant Steinley.

Lundahl then further asserts that she satisfied the Court's prior Order in *Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998 (D.S.D. 2018), *appeal dismissed,* No. 18-1799, 2018 WL 5014181 (8th Cir. Aug. 29, 2018), by filing the required documents with her initial Complaint (Doc. 1), which of course Lundhal has not served on Defendant Steinley despite the fact that it is still the operative Complaint for purposes of this matter (no leave has been granted by the Court to file any amended Complaint), Lundahl immediately sought to seal the required documents (Doc. 2) thus preventing access to the same, and despite Lundahl's claim that somehow the original Complaint is mooted and this matter re-set.[1]

Because any one of the arguments initially proffered by Defendant Steinley in his Motion to Dismiss still require the dismissal of Lundahl's claims

---

[1] If, indeed, Lundahl's original Complaint has been mooted or if the Court intends to entertain any amended pleadings by Lundahl, Defendant Steinley believes that Lundahl must comply with the *Noble* requirements for any newly asserted claims (by Lundahl's own admission, each of the <u>eleven</u> causes of action identified in the Second Amended Complaint (Doc. 99-1) are new causes of action that were not asserted in the original Complaint).

against Steinley, Steinley respectfully requests that any and all of Lundahl's claims against Defendant Steinley be dismissed, with prejudice.

    I.    <u>LUNDAHL'S FAILURE TO SERVE DEFENDANT STEINLEY WITHIN 120 DAYS</u>

Lundahl does not dispute that Defendant Steinley was not served with her Complaint (Doc. 1) within 120 days as required by Fed.R.Civ.P. 4(m). Lundahl does not dispute that Defendant Steinley was named as a Defendant in the Complaint (Doc. 1, p. 1), nor Lundhal does not dispute that the Complaint asserted the same claims against Defendant Steinley for Violations of the Equal Credit Opportunity Act (compare Doc. 1, pp. 12-14 and Doc. 42, pp. 11-14) and Violations of the Federal Housing Act (compare Doc. 1, pp. 18-21 and Doc. 42, pp. 16-19).[2] Lundahl had the Court issue a Summons for Defendant Steinley on February 6, 2019 (Doc. 21), and yet never took any action to have the same served. "Under Rule 4(c)(1), 'the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).'" *Kurka v. Iowa County, Iowa,* 628 F.3d 953, 956 (8th Cir. 2010). "If a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka,* 529 F.3d at 957 (citing *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996);

---

[2] The only new claims Lundahl asserted against Defendant Steinley in the First Amended Complaint (Doc. 42) were state law claims for negligence, for which this Court has only supplemental jurisdiction.

3

*Colasante v. Wells Fargo Corp.,* 81 Fed.Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002)).  Lundahl has made no showing to even suggest excusable neglect.  To the contrary, Lundahl simply continues to ignore the Federal Rules of Civil Procedure and continues to file "abusive, vexatious and frivolous actions and pleadings" bring new claims against new parties at each and every juncture she sees fit.  From this counsel's review of the pleadings in this file prior to Defendant Steinley actually being served, it appears that Lundahl has requested an extension for nearly every motion filed by an opposing party and expedited schedules for many of the motions filed by Lundahl.  Lundahl's proposed Second Amended Complaint (Doc. 99-1) adds even more parties and even more causes of action.  Quite simply, Lundahl does whatever she wants without regard to the Court processes.  That is not excusable neglect.

If Lundahl's argument was correct (assuming she did obtain leave from the Court to file the First Amended Complaint), then Fed.R.Civ.P. 4(m) would no longer have any applicability to any case.  All a Plaintiff would be required to do to avoid a dismissal under Fed.R.Civ.P. 4(m) is file an amended pleading, making a minor change to the claim or claims asserted, and seemingly the clock is re-set.  However, "[f]iling an amended complaint does not in itself have any legal effect on the Rule 4(m) period for the original complaint." *Lee v. Airgas - Mid S., Inc.*, No. 5:13-CV-05172, 2014 WL 3928243, at *4 (W.D. Ark. Aug. 11, 2014), *aff'd sub nom. Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894 (8th Cir. 2015)

4

(citing *Carmona v. Ross,* 376 F.3d 829, 830 (8th Cir.2004) (affirming dismissal of unserved defendants who were named in an earlier complaint, despite the filing of a second amended complaint again naming those defendants)).

II.  FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

With respect to the merits of Lundahl's claims, Lundahl argues, without any support, that Defendant Steinley, an appraiser, is a "creditor within the meaning of ECOA because he regularly participates in a credit decision by tendering appraisal reports." Lundahl relies on the Seventh Circuit Court of Appeals decision in *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). Yet, Lundahl entirely ignores the fact that although *Swanson* suggests that an appraiser might be amenable to suit under the Fair Housing Act, Lundahl has failed entirely to allege or provide any facts to suggest that Defendant Steinley discriminated against her based on a protected class.  Under 42 U.S.C. § 3605, "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, *because of race, color, religion, sex, handicap, familial status, or national origin*." (emphasis added).[3] Lundahl alleges simply the Defendant Steinley was delinquent in fulfilling his responsibilities in a

---

[3] While Defendant Steinley does not believe that Lundahl has appropriately alleged any discrimination, the only arguable discrimination alleged by Lundahl appears to be for "exercising her rights to access special purpose credits." (Doc. 98, p. 4).  This, of course, is not a protected class under the ECOA or FHA.  Lundahl suggests that she informed Defendant Steinley that she and her sister were disabled, but Lundahl wholly fails to provide any facts to suggest that were disability was, in any manner, related to Defendant Steinley's conduct.

5

manner that would allow Lundahl to obtain special purpose grants.  Even assuming *arguendo* that Defendant Steinley was negligent in failing to complete the appraisal by a date certain (Defendant Steinley maintains that he was not), the simple fact that Lundahl lost a special purpose grant does not *ipso facto* make Defendant Steinley's actions discriminatory. Lundahl has failed to satisfy the requirements of the ECOA or FHA.

Lundahl alleges that "Gross, Lockwood and Steinley retaliated against Plaintiff by denying the loan and causing Plaintiff to lose the home." (Doc. 42, ¶ 42). Yet, despite the fact that Defendant Steinley quoted this very same language in his initial brief (Doc. 87, p. 11), Lundahl did nothing in her response to clarify or otherwise alleges that had anything to do with the ultimate denial of Lundahl's loan.  Defendant Steinley also argued:

> There is not a single allegation that Defendant Steinley discriminated against the Plaintiff.  In fact, the only allegation suggested against Defendant Steinley is that he didn't complete the appraisal by November 20, 2018 as requested by Plaintiff. (Doc. 42, ¶ 14).

(Doc. 87, p. 11).  Again, Lundahl did nothing in her response to clarify or otherwise suggest how Defendant Steinley had discriminated against her.  The simple fact that Lundahl is handicapped does not make Defendant Steinley's actions discriminatory.

Defendant Steinley, as an appraiser, did not participate in the decision-making process for Lundahl's loan.  Contrary to *Swanson,* where the plaintiff alleged that the information contained in the appraisal was motivated by racial bias, Lundahl has not alleged that Defendant Steinley's appraisal of the property was anything other than accurate.  The District Court in Illinois

6

addressed a similar issue in *Hardaway v. CIT Grp./Consumer Fin. Inc.*, as follows:

> I begin with plaintiff's discrimination claims under the FHA and the IHRA. While it is true that plaintiff need not allege "specific facts establishing a prima facie case of discrimination," *Swierkiewsicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Boykin v. KeyCorp,* 521 F.3d 202 (2nd Cir.2008), he must, even under the liberal standards of Rule 8, "state a claim to relief that is plausible on its face," *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, which is to say, he must "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F3d. 400, 404 (7th Cir.2010). But in his complaint, plaintiff offers nothing but sheer speculation to support the conclusion that discriminatory animus motivated CIT's decision not to modify his mortgage. Even if I assume that plaintiff's race could be inferred from his complaint (he does not allege it, but he suggests in his response that it can be inferred from the demographics of his neighborhood—a questionable basis for such an inference), plaintiff's affidavit reveals that CIT's stated reason for declining to modify the mortgage was that plaintiff had insufficient income. There is nothing in plaintiff's complaint to suggest that this reason was pretextual. Moreover, plaintiff does not allege that he was qualified for the loan modification he sought, or that he received less favorable treatment than other loan modification applicants because of his race. These shortcomings distinguish plaintiff's complaint from the ones at issue in *Boykin* and *Swanson,* and they are fatal to his statutory discrimination claims.

836 F. Supp. 2d 677, 682–83 (N.D. Ill. 2011).

In fact, to further support Defendant Steinley's argument that there is no evidence that Defendant Steinley discriminated against Lundahl, Lundahl herself specifically alleges that under 12 CFR § 225.63, that the appraisal requested of Defendant Steinley was not even necessary for Lundahl to obtain her loan. (Doc. 42, ¶ 12). If the appraisal report was not a requirement,

7

Lundahl cannot allege that Defendant Steinley's actions caused Lundahl any damage.[4]

Finally, with respect to Lundahl's state law negligence claim against Defendant Steinley, Lundahl asserts simply that the Washington Supreme Court has recognized that a cause of action exists and as such, Lundahl's claims should survive.  In *Schaaf v. Highfield,* the Washing Supreme Court held that "[w]e conclude that § 552 applies to a real estate appraiser like Olson, who 'in the course of his business, profession or employment... supplies false information for the guidance of others in their business transactions.'" 127 Wash. 2d 17, 23, 896 P.2d 665, 668–69 (1995).  Lundahl's claims against fall short as Lundahl relies on non-controlling precedent and provides no allegation or assertion that Defendant Steinley supplied false information.  Lundahl alleges only that Defendant Steinley was negligent because he didn't complete his appraisal by the date requested by Lundahl (who had not hired Steinley). Under South Dakota law, "[i]n order to maintain a negligence action and before a defendant can be found negligent, a plaintiff must prove a duty existed <u>*from the defendant to the plaintiff*</u>."  *Hoekman v. Nelson*, 2000 S.D. 99, ¶ 8, 614 N.W.2d 821, 823 (emphasis added) (citing *Poelstra v. Basin Elec. Power Co-op.,* 1996 S.D. 36, ¶ 7, 545 N.W.2d 823, 825 (stating "[t]he existence of a duty owed

---

[4] Lundahl's allegation that she reached an "oral contract" with Defendant Steinley similarly fails.  First, Lundahl has not sued Defendant Steinley for breach of contract, there was no consideration exchanged for said "oral contract," nor does such an "oral contract" create a federal cause of action.  Second, Lundahl has failed to provide any evidence that Defendant Steinley discriminated against Lundahl, that Defendant Steinley's appraisal was even a requirement of Lundahl's loan, or that Defendant Steinley's appraisal was anything other than accurate.

by the defendant to the plaintiff ... is elemental to a negligence action."); *Yankton Prod. Credit Ass'n. v. Jensen,* 416 N.W.2d 860, 864 (S.D.1987) (noting that "[t]he first requirement for an action in negligence is to establish that a duty exists.... "); *Barger for Wares v. Cox,* 372 N.W.2d 161, 167 (S.D.1985) (stating "the existence of a duty of care on the part of a defendant to a plaintiff is an essential element of a negligence action.")). "[A] duty depends on 'whether a relationship exists between the parties such that the law will impose upon the defendant a legal obligation of reasonable conduct for the benefit of the plaintiff.'" *Zerfas v. AMCO Ins. Co.*, 2015 S.D. 99, ¶ 10, 873 N.W.2d 65, 69 (citing *First Am. Bank & Tr., N.A. v. Farmers State Bank,* 2008 S.D. 83, ¶ 16, 756 N.W.2d 19, 26 (quoting *Casillas v. Schubauer,* 2006 S.D. 42, ¶ 14, 714 N.W.2d 84, 88)).

Defendant Steinley did not have any relationship with or duty to Lundahl such that Lundahl could dictate the date by which Defendant Steinley complete his appraisal. Defendant Steinley's duty is solely to the lender, and in fact, if a home does not properly appraise, it is Defendant Steinley's duty to inform the lender of such a fact (which could also cause the loss of the home by the prospective buyer). Yet, as identified above, Lundahl does not allege or otherwise make any suggestion that the appraisal completed by Defendant Steinley was anything other than accurate. If Lundahl's argument that she, as a prospective buyer, could sue an appraiser hired by her lender to complete a home appraisal was correct, a whole new line of cases would develop wherein a house would not appraise for the amount of the purchase price, and the

prospective buyer would simply sue the appraiser for satisfying his or her ethical duty to provide a value, whether or not that value allowed for the completion of the loan.  Defendant Steinley had a duty to the lender, whether Defendant Steinley's appraisal was to the benefit or detriment of Lundahl.

### III.    FAILURE TO COMPLY WITH VEXACIOUS LITIGANT INJUNCTION

With respect to Defendant Steinley's claim that Lundahl has not satisfied this District's requirements of her as a vexatious litigant, Lundahl argues only that she satisfied those requirements when she filed the original Complaint (Doc. 1), which she now argues is not applicable to Defendant Steinley (and agrees was not served on Defendant Steinley) despite the fact that he was named as a Defendant and all the same causes of action were identified. Lundahl also entirely fails to address or acknowledge that both the First Amended Complaint and Second Amended Complaint filed by Lundahl contain additional claims against additional parties, without any effect to satisfy or even acknowledge the conditions of Judge Viken's prior order.  Lundahl's claims should be dismissed for her failure to comply with Judge Viken's Order.

### IV.    CONCLUSION

For the foregoing arguments and authority set forth herein, the Defendant, Craig Steinley, respectfully requests that this Court grant the Defendant's Motion to Dismiss and dismisses any and all claims and causes of action alleged by the Plaintiff, Holli Lundahl, against the Defendant, Craig Steinley, with prejudice.

Dated this 8th day of October, 2019.

This Document has been Electronically Filed

<u>*/s/ Robert J. Galbraith*</u>
JOHN K. NOONEY
ROBERT J. GALBRAITH
*Attorneys for Defendant, Craig Steinley*
NOONEY & SOLAY, LLP
326 Founders Park Dr. / P.O. Box 8030
Rapid City, SD 57709-8030
john@nooneysolay.com
robert@nooneysolay.com