UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HOLLI LUNDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE GROSS, IN HER OFFICIAL AND PERSONAL CAPACITIES AS DIRECTOR FOR THE STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT; STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT, CRAIG STEINLEY, LANCE LOCKWOOD, IN HIS OFFICIAL AND PERSONAL CAPACITIES AS A LOAN SPECIALIST FOR THE STATE OF SOUTH DAKOTA OFFICE OF RURAL DEVELOPMENT;<br><br>Defendants. | 5:18-CV-05090-LLP<br><br>ORDER DENYING PLAINTIFF'S 59(E) MOTION |

Plaintiff, Holli Lundahl, filed a *pro se* civil rights lawsuit claiming violations of: (1) the Equal Credit Opportunity Act, (2) section 504 of the Rehabilitation Act of 1973, (3) 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment Equal Protection Clause, (4) *Ex parte Young*; and (5) the Fair Housing Act. Doc. 1 at 1. This Court granted the federal defendants' motion to dismiss and Steinley's motion to dismiss. Doc. 103. Judgment was entered in favor of the defendants. Doc. 104. Now, Lundahl moves for reconsideration under Federal Rule of Civil Procedure 59(e) and her motion is timely. Doc. 105. She claims that the court erred in granting defendants' motion to strike her "Corrected Verified First Amended Complaint," and failed to apply the proper dismissal standard in her Fair Housing Act (FHA) claim. *Id.*

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id.* (quoting *Hagerman*, 839 F.2d at 414). District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e). *Id.*

Lundahl's motion reargues and reframes the arguments as to why her "Corrected Verified First Amended Complaint" should not have been struck and why Craig Steinley was timely served. Doc. 105 at 17, 18. However, Lundahl has already had ample opportunity to assert these facts and arguments before the Court in her opposition against federal defendants' motion to strike and in her opposition toward Steinley's motion to dismiss. *See* Docs. 53, 98. Lundahl also tries to relitigate her ECOA claims. Doc. 105 at 20. Rule 59(e) motions cannot be used to tender new legal theories or raise arguments that could have been made earlier. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Thus, it is improper for Lundahl to assert a 59(e) motion to remedy these issues.

Lundahl does correctly state the proper pleading standard for a FHA claim, which this Court will address. In *Ring v. First Interstate Mortg., Inc.*, held that the prima facie case analysis for a FHA claim is an evidentiary standard, "it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination that shifts the burden to defendant to articulate some legitimate, nondiscriminatory reason for its conduct." 984 F.2d 924, 926 (8th Cir. 1993) (applying the *McDonnell Douglas* standard to Fair Housing Act cases). However, "the prima facie case that a plaintiff must prove under the *McDonnell Douglas/Burdine* analysis varies depending upon the facts of the particular case[.] . . . Thus, to measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage is inappropriate." *Id.* at 926-927.[1] Even with this heightened evidentiary standard Lundahl fails to state a claim. The Court cannot ignore the letter from Gross that she attached to her complaint.

The letter indicated that an administrative review was conducted on her file due to her ambiguous and conflicting information in her application documents. Doc. 1-1 at 29. The letter states "[t]he Agency will not issue loan closing instructions until it has reviewed the above information and is satisfied that each co-applicant has been forthcoming with full, complete and supportable information verifying your assets, debts, income and repayment ability, among other regulatory criteria." *Id.* at 30. The letter has been redacted in some areas, but it shows that the information the USDA is requesting is a list of pending lawsuits (amount in dispute or requested relief), complete information of Plaintiff's credit report (Gross asserts that the credit report

---

[1] The Court applied the prima facie standard when it dismissed Lundahl's FHA claim. *See* Doc. 103 at 18. The Eighth Circuit applies a prima facie standard for FHA claims at the summary judgment level and the plaintiff must "demonstrate that (1) she was a member of a protected class, (2) she applied for and was qualified for a loan with the [Department], (3) the loan was rejected despite her qualifications, and (4) the [Department] continued to approve loans for applicants with similar qualifications." *Rowe v. Union Planters Bank*, 289 F.3d 533, 535 (8th Cir. 2002).

provided was incomplete and insufficient), any judgments that are outstanding against Plaintiff or her sister, any involvement in businesses (managerial, ownership, or membership), and confirming that Plaintiff has filed tax returns in the last three years. *Id.* Even if this Court found that Lundahl had created a rebuttable presumption of discrimination, defendants have already articulated a nondiscriminatory reason for denying the loan—because Lundahl and her sister failed to provide full and accurate information about their assets, debts, income, and other regulatory criteria. Doc. 1-1 at 29.

In her 59(e) motion Lundahl claims that this letter was a "false pretext document[] by the Defendants and which contained massive frauds to cover up the Defendants multiple acts of discrimination." Doc. 105 at 19. In her complaint, Doc. 1, the complaint considered by this Court when ruling on the federal defendants' motion to dismiss, Lundahl argued that:

> Gross also demanded that HOLLI produce irrelevant banking documents from third persons regarding real estate properties HOLLI owned in the past and for the most part which are involved in litigation . . . HOLLI refused too attempt to violate the right to financial privacy of third persons that have no involvement in this purchase transaction whatsoever. . . . GROSS' letter, exhibit '9' attached, also requires HOLLI to produce all the demanded information within 15 days of December 7, 2018 or the funded transaction will not be closed and HOLLI and MARTI'S application will be canceled. HOLLI believes that GROSS will then intentionally deplete the funding amounts to another borrower to put it beyond HOLLI and MARTI'S reach.

Doc. 1 at 9. Lundahl claims that defendants "issued a false pre-text letter claiming there were issues with Plaintiff's application, when in fact there were none." *Id.* at 20. Even though the Court takes all of Lundahl's pleaded facts at true, the defendants have already shown a "legitimate, nondiscriminatory reason for its conduct." *Ring*, 984 F.2d at 526. Thus, even under the heightened evidentiary standard for FHA claims, the Court did not err in dismissing the claim. Thus, Lundahl's motion under 59(e) is denied.

Accordingly, it is ORDERED:

1. That Lundahl's 59(e) motion, Doc. 105, is denied.

Dated this 23rd day of March, 2020.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*Matthew Thelen*